UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNEL D. TABAFUNDA,<br><br>Petitioner,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE,<br><br>Respondent. | 1:16-cv-00657-MJS (HC)<br><br>ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA |

Petitioner, a state prisoner proceeding *pro se*, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

Venue for a habeas action is proper in either the district of confinement or the district of conviction. 28 U.S.C. § 2241(d). The district court for the district wherein such

1

an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination. Id.

It is preferable for petitions challenging a conviction or sentence to be heard in the district of conviction while petitions challenging the manner in which the sentence is being executed be heard in the district of confinement. Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989). In this case, it appears that Petitioner is challenging a conviction from Riverside County, which is in the Central District of California. See 28 U.S.C. § 84. Therefore, the petition should have been filed in the United States District Court for the Central District of California. In the interest of justice, the petition will be transferred to the United States District Court for the Central District of California. 28 U.S.C. §§ 1404(a) and 2241(d).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated:   May 11, 2016          /s/ *Michael J. Seng*
                               UNITED STATES MAGISTRATE JUDGE

2